## IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

DARIUS BRADDY,

        Petitioner,

v.                             CASE NO.  4:17cv478-RH-EMT

MARK S. INCH,

        Respondent.

_____/

## ORDER DENYING THE PETITION AND DENYING A CERTIFICATE OF APPEALABILITY

A Florida state-court jury convicted Darius Braddy of attempted second-degree murder. Mr. Braddy challenges the conviction by petition for a writ of habeas corpus under 28 U.S.C. § 2254. The petition is before the court on the magistrate judge's report and recommendation, ECF No. 19, and the objections, ECF No. 20. I have reviewed de novo the issues raised by the objections. This order accepts the report and recommendation, adopts it in part as the court's opinion, and denies the petition.

# I

Mr. Braddy sometimes sold marijuana to Vincent Cuavers. On the night at issue, Mr. Braddy got into the passenger seat of Mr. Cuavers's car, ostensibly to sell Mr. Cuavers marijuana. A dispute arose. Mr. Cuavers fled on foot. Someone shot him. The state asserted the shooter was Mr. Braddy. Mr. Braddy asserted the shooter was someone who was nearby.

The court instructed the jury on attempted first-degree murder and the lesser-included offense of attempted second-degree murder but not on the lesser-included offense of attempted voluntary manslaughter. This apparently was an oversight. The defendant's attorney had requested instructions on all lesser-included offenses, as was proper, and neither the state nor the court took any issue with the request. Neither the defendant's attorney nor anyone else noticed the error.

The jury convicted Mr. Braddy of attempted second-degree murder, plainly agreeing with the state that the shooter was Mr. Braddy.

# II

The report and recommendation is adopted as the court's opinion without further discussion except to the extent it suggests that a jury's conviction on a greater offense necessarily establishes that a defendant suffered no prejudice from the failure to instruct on a lesser-included offense—or from a defense attorney's failure to object to the absence of an instruction on a lesser-included offense. The

Florida Supreme Court's decision in *Sanders v. State*, 946 So. 2d 953 (Fla. 2006), is not binding in federal court.

No ruling is needed on this issue. It is sufficient to hold that Mr. Braddy suffered no prejudice in this case from the failure to instruct on attempted voluntary manslaughter.

As set out in the Florida standard jury instruction, attempted voluntary manslaughter has one element: that the defendant intentionally committed an act (or, if supported by the evidence, procured the commission of an act) that would have resulted in the victim's death except that someone prevented the defendant from killing the victim or the defendant failed to do so. *See* Fla. Standard Jury Instr. 6.6; *see also* Fla. Stat. § 782.07.

The standard instruction for attempted second-degree murder is different in just two ways.

First, for attempted second-degree murder, the defendant must commit the act; procuring its commission is not enough. *See* Fla. Standard Jury Instr. 6.4; *see also* Fla. Stat. § 782.04(2). This would have made no difference in Mr. Braddy's case, because there was no evidence that he procured the act. The dispute was over whether Mr. Braddy shot Mr. Cuavers, as the state contended, or some unrelated person did it without Mr. Braddy's involvement, as he contended. The

procurement component of the voluntary-manslaughter instruction would not have been given and would have made no difference anyway.

Second, the attempted-second-degree-murder instruction adds a second element: that the act was imminently dangerous to another and demonstrated a depraved mind without regard for human life. *See* Fla. Standard Jury Instr. 6.4; *see also* Fla. Stat. § 782.04(2). On any view, shooting the fleeing Mr. Cuavers in the back was imminently dangerous and demonstrated a depraved mind without regard for human life. So a reasonable jury could not have convicted Mr. Braddy only on the lesser charge based on a finding that this element had not been proven.

If, as the jury found, the shooter was Mr. Braddy, he was plainly guilty of attempted second-degree murder, not just attempted voluntary manslaughter. There is no reason to believe a voluntary-manslaughter instruction would have made any difference. So even if the defense attorney's failure to catch the apparently inadvertent omission of the voluntary-manslaughter instruction was deficient performance, Mr. Braddy suffered no prejudice.

III

Mr. Braddy says the prosecutor improperly argued that Mr. Braddy reported a gun stolen several days before the shooting now at issue because he intended to rob Mr. Cuavers and was setting up a possible defense. Mr. Braddy says it was not even the same gun—that the stolen gun and the gun that shot Mr. Cuaver's were

both .380 caliber handguns but that they had different manufacturers. The record neither confirms nor refutes the different-manufacturer assertion. Either way, any objection to this argument likely would have been overruled. A prosecutor may argue inferences and theories supported by inferences, even if the argument is weak. Trial judges rarely have perfect recall of all the evidence and usually err on the side of overruling objections to arguments that, as here, seem permissible. Good attorneys often choose not to object to weak points in closing arguments, especially when, as here, an objection would likely be overruled.

In any event, same gun or not, the prosecutor's argument was transparently weak, some would say farfetched. The argument would make sense only if Mr. Braddy intended not only to rob Mr. Cuavers but to shoot him and even then only if Mr. Braddy thought the gun would be located after the shooting and connected to Mr. Braddy. The argument could not have swayed the jury or affected the outcome. In short, Mr. Braddy suffered no prejudice from this argument, and his attorney's failure to object was not constitutionally deficient performance.

IV

Rule 11 of the Rules Governing § 2254 Cases requires a district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a

constitutional right." *See Miller-El v. Cockrell*, 537 U.S. 322, 335-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983); *see also Williams v. Taylor*, 529 U.S. 362, 402-13 (2000) (setting out the standards applicable to a § 2254 petition on the merits). As the Court said in *Slack*:

> To obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under *Barefoot*, includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were " 'adequate to deserve encouragement to proceed further.' "

529 U.S. at 483-84 (quoting *Barefoot*, 463 U.S. at 893 n.4). Further, to obtain a certificate of appealability when dismissal is based on procedural grounds, a petitioner must show, "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* at 484.

Mr. Braddy has not made the required showing. This order thus denies a certificate of appealability.

V

For these reasons,

IT IS ORDERED:

1. The report and recommendation is accepted.

2. The clerk must enter judgment stating, "The petition is denied with

prejudice."

3. A certificate of appealability is denied.

4. The clerk must close the file.

SO ORDERED on February 3, 2020.

s/Robert L. Hinkle
United States District Judge